State *v.* Fulton.

THE STATE, Appellant, *vs.* FULTON & WILLIAMSON, Respondents.

1. In an indictment under the 15th section of article 8 of the act concerning crimes and punishments, (R. C. 1845,) for enticing and permitting persons to play upon a gambling device, kept by the defendant, it is not necessary to allege that *money* or *property* was bet, won or lost. An indictment which follows the language of the statute is sufficient.

*Appeal from St. Louis Criminal Court.*

*H. A. Clover*, for the State.

*G. W. Cline*, for respondents.

RYLAND, Judge, delivered the opinion of the court.

At the January term of the St. Louis Criminal Court, in the year 1854, the defendants were indicted for setting up and keeping a faro bank. They appeared and moved to quash the indictment. Their motion was sustained, and the indictment quashed. The circuit attorney excepted and brings the case here by appeal.

The indictment is as follows :

" State of Missouri, county of St. Louis, ss. St. Louis Criminal Court, January term, 1854. The grand jurors of the state of Missouri, within and for the body of the county of

St. Louis, now here in court, duly empanneled, sworn and charged, upon their oath present, that John Fulton and Alexander Williamson, late of St. Louis, in St. Louis county, on the first day of February, in the year of our Lord one thousand eight hundred and fifty-three, and on divers other days and times, between that day and the day of the finding of this indictment, at St. Louis, in St. Louis county aforesaid, unlawfully did set up and keep a certain table and gambling device, commonly called a faro bank, the same being then and on said other days and times there a gambling device, adapted, devised and designed for the purpose of playing a game of chance for money and property ; and did then and on said other days and times there induce, entice and permit certain persons, to the jurors aforesaid unknown, to bet and play at and upon a game played at and by means of such gambling device, on the side and against the keeper thereof, against the peace and dignity of the state."

1. Is the indictment sufficient ? If so, then the court below erred in quashing it.

The indictment is framed under the 15th section, article 8, of the act concerning crimes and punishments, (R. C. 1845, p. 401, 402.) This section is as follows : " Every person who shall set up or keep any table or gambling device, commonly called A. B. C., faro bank, E. O., roulette, equality or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance, for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played at or by means of such table or gambling device, or on the side or against the keeper thereof, shall, on conviction, be adjudged guilty of a misdemeanor, and punished by imprisonment in a county jail not exceeding one year, and by fine not exceeding one thousand dollars."

The indictment charges the offence here in the words of the statute. The defendants contend that the offence intended to

be prohibited is not setting up and keeping the gambling table or device, and the inducing, enticing and permitting persons to bet or play at or upon such table or gambling device, but it is necessary, in order to constitute an offence, that money or property should be bet, won or lost on such gambling device, at such betting or playing. The statute does not say so. The offence is complete under the words of this section, without any averment that property was won or lost or bet on such gambling table. It was not the losing of money or property that the legislature intended here to punish, but it was to prevent any person from keeping or setting up any gambling device or gaming table, adapted, devised and designed for the purpose of playing games of chance for money or property, and inducing, enticing or permitting persons to play at or bet on such table. The crime was in setting up or in keeping such a gambling device, and in permitting persons to bet or *play* at such table or gambling device. The legislature knew where the root of this evil was; they wished to prevent the opportunity to the in-cautious and over-credulous of becoming dupes and victims to sharpers and gamblers. They would punish, therefore, those persons who keep or set up such gaming devices, adapted and devised for playing games of chance for money or property, and who induce or entice or permit persons to bet thereon or play thereat.

Men never become gamblers at once; they play with and familiarize themselves to the use and sight of the implements of ruin, before they practice with and employ them to make money thereby—before they become, in their own estimation, skilful enough to use such implements with success.

The indictment is considered sufficient, and as that is the only point of importance in this case, worthy our considera-tion, the judgment below will be reversed, and the cause re-manded, the other judges concurring.