## EUPER vs. THE STATE.

GAMING: *Pico.*

Pico, like keno, is a gambling device, within the mischief intended to be suppressed by *secs.* 155.7, 1560 *of Gantt's Digest.*

APPEAL from *Sebastian* Circuit Court.

Hon. JOHN H. ROGERS, Circuit Judge.

*W. Walker*, for appellant.

*Henderson*, Attorney General, contra.

ENGLISH, C. J.   The indictment charged that "Anton Euper, on the tenth day of February, A. D. 1880, in the county of Sebastian, and in the Fort Smith district thereof, being then and there the occupant of a certain house in the city of Fort Smith, in said county and district, did then and there unlawfully and knowingly permit and suffer a certain gaming bank or gambling device, adapted, devised and de-signed for the purpose of playing a game of chance, and at which money or property may be won or lost, which said gaming bank or gambling device was commonly called *pico*, to be carried on in the said house so occupied by him, the said Anton Euper, as aforesaid, against the peace," etc. ·

On plea of not guilty, the defendant was tried by a jury, found guilty, and his punishment fixed at $100.   A new trial was refused him, and he took a bill of exceptions; judgment was entered upon the verdict, and he appealed.

On the trial, it was proved that the defendant was a saloon-keeper of Fort Smith, and that the gambling device called pico was set up, exhibited, and carried on in a back room of his saloon.   He admitted that the game of picø was carried on in the house occupied by him, by his con-sent, at the time and place stated in the indictment.   And it was also proved (the bill of exceptions states) that the game of *pico* is the same in principle and detail as the game of *keno*, and is played and carried on in the same manner, as stated from the proof, in the opinion of this court, in *Portis v. The State, 27 Ark., 360*, and in *Trimble v. The State, ib., 355*, and that the game set up and carried on in the house occupied by defendant was the same gambling device as that described as *keno*, in the opinions above men-tioned, with these exceptions, that in *pico* common playing-cards were used, both on the balls and on the *pico* cards,

sold to the players, instead of numbers, as in *keno*, and that there were but four cards to fill out on a *pico* card, instead of five numbers, as in *keno*, in order to be the winner. And that the exhibitors of the game bet nothing on the game, but, as in the game of *keno*, exacted, and took out of the money paid by the players, a commission.

The charge of the court to the jury was in harmony with the opinions of this court in the keno cases above referred to. Counsel for appellant moved instructions not in harmony with those opinions, and, in substance and effect, that the gaming device *pico*, as described in the evidence, was not within the purview of *secs. 1 and 4 (Gantt's Digest, secs. 1557, 1560) of the gaming statute,* which the court refused.

Counsel for appellant submits that the opinions in the keno cases are not in harmony with previous decisions of this court, and should be overruled.

Neither public morals nor good order would be promoted by overruling those cases. No doubt *pico*, like *keno*, is a gambling device within the mischief intended to be suppressed by the sections of the statute above referred to.

Affirmed.