THE STATE v. ROSENBLATT, Plaintiff in Error.

Division Two, December 13, 1904.*

1. **PRACTICE: Motion in Arrest: Civil and Criminal Cases.** The practice as to motions for new trial and in arrest in ciminal cases is different from the practice in civil cases. In civil cases the right to file such motions within four days after verdict, etc., is not affected by the entry of the judgment. But in criminal cases such motions must be filed before judgment, and the court need not heed a motion in arrest filed after judgment.

2. ———: ———: **Appeal.** Where a motion in arrest was not filed until after judgment in a criminal case, the fact that the motion was not ruled upon by the trial court affords no ground for dismissing the appeal or writ of error.

3. ———: **Appeal: Plea of Guilty.** Notwithstanding his plea of guilty, a defendant is entitled to his appeal or writ of error.

4. **PLEA OF GUILTY: Effect of.** If no crime is charged in the indictment then none is confessed by pleading guilty thereto. The only effect of such a plea is to admit the truth of whatever is sufficiently charged.

5. **GAMBLING TABLES: Ejusdem Generis: Craps: Chuck-a-luck.** Adhering to the rule that gaming tables and devices not specifically named must be of the same class as those specifically named, it is held that chuck-a-luck tables and crap tables, though not named, are included in a statute which denounces the setting up of "any table or gambling device called A B C, faro bank, E O, roulette, equality, keno or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property," etc.

6. ———: ———: ———: ———: **Table and Wheel: Sufficiency of Indictment.** Whether or not an indictment which charges the keeping of a roulette "wheel" instead of a roulette "table," would, under that statute, be sufficient, is raised, but not decided in this case, for the reason that the indictment further charges that defendant did set up and keep "one crap table commonly so-called, one chuck-a-luck table commonly so-called,

---

*Note.—This case was decided November 22, 1904. A motion for rehearing was filed, and that motion was overruled December 13.

upon which dice are used," etc., and these allegations charge a crime denounced by the statute, and a plea of guilty thereto is an admission that they were adapted, devised and designed for the purpose of playing games of chance for money or property, and that defendant enticed and permitted persons to bet and play thereon.

7. ———: ———: ———: **Pleading.** It is not necessary, under the statute, to plead that a crap table or a chuck-a-luck table is a like kind of gambling device to A B C, faro bank, roulette tables, etc.

Error to Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*C. C. Crow* for plaintiff in error.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) As applicable to section 2697, Revised Statutes 1899, it will be observed that final judgment in the court below must first be had before a writ of error will lie; in other words, all matters pertaining to the case at bar must first have been completely disposed of before this court will take cognizance of it by way of a writ of error. In re Rose, 80 Cal. 170; Tylar v. Hamersley, 26 Am. Rep. 479; Tompkins v. Brown, 123 Mich. 377; State v. Crilley, 20 Wis. 231; State v. Jenks, 16 Wis. 332; Eastin v. Gillett, 16 Wis. 546. The record in this case discloses that on the 26th day of June, 1903, defendant entered a plea of guilt to the charge preferred against him in the indictment. On the same day he filed a motion in arrest of judgment, and this motion, as shown by the record, remains undisposed of, so that no final judgment has been rendered by the court below.

Cullen v. Whealdon, 1 Mo. 1; Harr v. Knighton, 9 Mo. 180; Posy v. Buckner, 3 Mo. 604; State v. Thompson, 30 Mo. App. 503. Where the record shows that a case has not been disposed of by the lower court, but is there pending on a motion in arrest of judgment, a writ of error will be dismissed. Williams v. Jones, 69 Ga. 757; Young v. Grundy, 6 Cranch 51; Winn v. Jackson, 12 Wheat. 135; Montgomery v. Anderson, 21 How. 386; Martin v. Crow, 28 Tex. 614. (2) There can be no question but that the judgment upon the indictment in question is valid when taken into consideration along with the defendant's plea of guilt. By this plea he has waived all irregularities and informalities thereunder, and especially is it true that an objection levelled against the indictment on the grounds of duplicity is cured by the plea, because all such irregularities are cured unless exception be taken thereto before pleading to the charge. The case then falls upon the proposition that where judgments have been entered by consent of the parties writs of error do not lie. Mc-Bride v. Hunter, 64 Ga. 65; People v. Land Owners, 108 Ill. 442.

GANTT, P. J.—From a conviction and sentence by the criminal court of Buchanan county, the defendant has taken his writ of error to this court. Preliminary to any investigation to the sufficiency of the indictment, the Attorney-General has moved to dismiss the writ of error on the ground that the cause was not prosecuted to a final judgment in the criminal court, because there is a motion in arrest of judgment yet pending before and undisposed of by the criminal court, and also because the record shows that defendant entered a plea of guilty and agreed to the judgment against him and that no writ of error will lie in such case. For a proper understanding of the questions thus raised, we must look to the record certified to us.

It appears that a grand jury was duly impaneled

at the March term, 1903, of the criminal court of Buchanan county, and on the 4th day of April, 1903, the said grand jury returned into court an indictment against the defendant for setting up and keeping divers gambling devices, adapted, devised and designed for the purpose of playing games of chance for money and property, and enticed and permitted divers persons to the grand jury unknown to bet and play at and upon and by means of said gaming tables and devices. Afterwards on the 6th day of April, 1903, the defendant was duly arraigned and pleaded not guilty to said indictment.

Afterwards on the 26th day of April, 1903, and at the same term the record in said cause recites: "Comes now the prosecuting attorney, and the defendant in open court withdraws his plea of not guilty heretofore entered herein, and enters plea of guilty, and by agreement his punishment is assessed at six months in the county jail. Wherefore it is ordered and adjudged by the court that the said Lee Rosenblatt be confined in the common jail of Buchanan county, Missouri, for the period of six months from the 26th day of June, 1903, for the crime of setting up and keeping gambling devices or until he is otherwise discharged by due course of law."

It further appears that on the same day and after the sentence of the court, the defendant filed a motion in arrest of judgment and the record is silent as to any disposition of said motion.

It will be observed that the State makes this motion to dismiss, and that the defendant made no objection and took no exception to the action of the court in sentencing him before his motion in arrest was disposed of by the criminal court.

The question then is, was there such a *final* judgment of the criminal court as to authorize a writ of error therefrom? Writs of error under our statute and practice can only be prosecuted from final judg-

ments. [Sec. 2697, R. S. 1899.] And the same is true of appeals. [Sec. 2696, R. S. 1899; State v. Watson, 95 Mo. l. c. 414; State v. Love, 52 Mo. 106; State v. Gregory, 38 Mo. 502; State v. Copeland, 65 Mo. 497.] That the criminal court did sentence the defendant is too plain for discussion or doubt. What effect then is to be given to the motion in arrest filed after this final judgment?

Both at common law and by our statute a motion in arrest must be filed before sentence. Thus Chitty in his Criminal Law (5 Ed.), vol. 1, page 663, says, "The defendant may move at any time in arrest of judgment, *before the sentence* is actually pronounced upon him;" and again, "But if the sentence is once pronounced, though before the actual entry of the judgment, the court are not bound to *attend at all* to a motion of this nature, even though a formal error should be discovered, sufficient to reverse the proceedings, but the defendant is left to his writ of error; though, as we have seen, the court may, without any motion, arrest the judgment, and may alter the sentence any time during the same term."

Bishop in his work on Criminal Procedure (1 Ed.), section 852, adopts Chitty's statement of the practice on this subject.

The practice in this State in criminal cases as to motions for new trial and in arrest of judgment is different from the practice in civil cases. In the latter we have not followed the common law practice of waiting for four days after the rendition of the verdict before having the judgment signed, and entered, but it is the approved practice in civil cases for the clerk to enter the verdict on the record, and the judgment upon it, and the right to file a motion for new trial or in arrest within the four days allowed by the statute is not affected by the entry of the judgment before the filing of the motion for new trial or in arrest, whereas in criminal cases it is specifically provided by section 2689, Revised

Statutes 1899, that such motion shall be filed *"before judgment,"* and the same is true of motions in arrest. [Sec. 2690, R. S. 1899.] And such is the accepted practice in this State.

It is the evident purpose of our statute to continue the common law practice in this respect in criminal cases and it is apparent that a motion in arrest after final judgment in a criminal cause in no manner affects the finality of the judgment, and such a motion does not operate to stay the effect of the judgment, but as is said by Chitty, "the court is not bound to attend at all to a motion of this nature."

In Illinois where the common law practice still obtains to a large degree it was ruled in Parr v. Van Horne, 40 Ill. 122, that where a motion for a new trial was filed after final judgment, the rendering of the judgment would of itself be regarded as a denial of the motion, and would be none the less a final judgment because of the omission of a formal overruling of the motion, and that a motion to dismiss a writ of error on that ground must be denied. While such a rule would not be followed in this State in a civil case, in as much as we practically retain the common law practice in criminal cases, there is much force in the opinion in that case when applied to a criminal case under our practice. [Ex parte Craig, 130 Mo. 595.] It follows that the motion to dismiss the writ of error because a motion in arrest was filed *after* the *final sentence* of the criminal court, is not well taken, and must be denied.

The remaining ground of the motion is that the judgment was rendered on a plea of guilty. This point has likewise been repeatedly ruled adverse to the contention of the State. Numerous decisions of this court attest that a defendant in a criminal case may take advantage of a material defect apparent of record, though such point be raised for the first time in this court. [McGee v. State, 8 Mo. 495; State v. Meyers; 99 Mo. 107.] And if no crime is charged in the indictment,

then none is confessed by pleading guilty thereto, and the effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently alleged in the indictment, and will not prevent the defendant from taking advantage of the defects apparent of record on writ of error. [1 Bish. New Crim. Proc., 795; State v. Levy, 119 Mo. 434; Fletcher v. State, 7 Eng. (12 Ark.) 169; Wharton's Crim. Pl. and Prac. (9 Ed.), sec. 413; Henderson v. State, 60 Ind. 296; Arbintrode v. State, 67 Ind. 267; Com. v. Kennedy, 131 Mass. 584.]

II.   Proceeding then to the examination of the errors assigned by defendant, the only question presented is the sufficiency of the indictment to support the judgment and sentence of the criminal court. The indictment is in the words following:

"State of Missouri, county of Buchanan, ss.:

"In the criminal court of Buchanan county, at the March term thereof, 1903.

"The grand jurors of the State of Missouri within and for the body of the county of Buchanan aforesaid, being duly impaneled and sworn, upon their oath do present that Lee Rosenblatt on the 31st day of March, 1903, at the county of Buchanan and State aforesaid, did unlawfully and feloniously set up and keep divers gaming tables and gambling devices, to-wit, one roulette wheel, commonly so-called, one crap table, commonly so-called, one chuck-a-luck table, commonly so-called upon which dice are used, which said gambling tables and gambling devices were adapted, devised and designed for the purpose of playing games of chance for money and property and did then and there unlawfully and feloniously entice and permit divers persons to the said grand jury unknown to bet and play at and upon and by means of said gaming tables and gambling devices, against the peace and dignity of the State."

This prosecution is bottomed upon section 2194, Revised Statutes 1899, which provides that:

"Every person who shall set up or keep any table or gambling device commonly called A B C, faro bank, E O, roulette, equality, keno or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property, and shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played or by means of such table or gambling device, or on the side or against the keeper thereof, shall, on conviction, be adjudged guilty of a felony," etc.

The offense being a statutory crime, it was and is essential that the indictment should use the material words or their legal equivalents in charging the crime. [Wharton's Crim. Pl. and Pr. (9 Ed.), sec. 220; State v. Miller, 132 Mo. 297; State v. Hayward, 83 Mo. 299; State v. Emerich, 87 Mo. 110; U. S. v. Cruikshank, 92 U. S. 542.]

The contention is that this indictment does not charge the "setting up or keeping" any of the tables or gambling devices denounced by the statute; that instead of charging the setting up and keeping a roulette *table,* it charges the setting up and keeping of a roulette *wheel,* and not a roulette table, and does not specify either of the gambling devices specified in section 2194. But granting that the designation of the device as a roulette wheel did not bring it within one of the designated devices, but which we do not decide, the construction thus put upon the section 2194 is entirely too restricted. The statute is broad enough to and does include the setting up or keeping "any kind of gambling table or gambling device adapted, devised and designed for the purpose of playing any game of chance for money or property," and this indictment specifically charges that the defendant did set up and keep one *crap table* commonly so-called, upon which dice are used and one *chuck-a-luck table* commonly so-called upon which are used dice, "which said

gaming tables and gambling devices were adapted, devised and designed for the purpose of playing games of chance for money and property," etc.

"Chuck-a-luck" and "craps" are not named and therefore do not have a legal signification within the meaning of the statute, but if prohibited at all must come within the general prohibition of the section. Conceding that all other gambling tables and devices not specifically named must, under the doctrine *ejusdem generis,* be of the same general class with those devices specifically named, we think there can be no doubt that a chuck-a-luck table and a crap table are of that class.

It was so ruled of "keno" under a statute of Arkansas substantially in the words of section 2194. [Gould's Digest of Arkansas, sec. 1, art. 3, chap. 51, p. 369; Portis v. State, 27 Ark. 360; Trimble v. State, 27 Ark. 355.] Also of "Pico." [Euper v. State, 35 Ark. 629.] In Bell v. State, 32 Tex. Crim. Rep. 187, a "crap table" was held to be a gambling device within the statute of that State against keeping or exhibiting, for the purpose of gambling, a gaming table or bank. A like ruling was made as to "a nickel-in-the-slot machine" by the Supreme Court of Georgia in Kolshorn v. State, 97 Ga. 343. [See, also, Mims v. State, 88 Ga. 458.]

We need not extend the citations to show that the gambling tables and devices of chuck-a-luck and "craps" come within the same general class of the devices specifically mentioned in the section, as the indictment charges and as defendant confesses that they were adapted, devised and designed for the purpose of playing games of chance for money and property, and that he did at the date mentioned entice and permit divers persons to bet and play at and upon and by means of said gaming tables and gambling devices. The indictment is in the language of the statute and specifically individuates the particular character of gambling devices set up and permitted by defendant

State v. Rosenblatt.

.and is amply sufficient to sustain the sentence imposed. [State v. Fulton, 19 Mo. 680.]

As said by Judge RYLAND in State v. Fulton, supra, "The crime was in setting up or in keeping such a gambling device, and in permitting persons to bet or play at such table or gambling device. The Legislature knew where the root of this evil was; they wished to prevent the opportunity to the incautious and over-credulous of becoming dupes and victims to sharpers and gamblers. They would punish, therefore, those persons who keep or set up such gaming devices, adapted and devised for playing games of chance for money or property, and who induce or entice or permit persons to bet thereon or play thereat."

It was not necessary to allege that chuck-a-luck or craps or both were of a *like kind* of gambling device as A B C, faro bank, E O, roulette, keno or equality. The decision in Huff v. Commonwealth, 14 Gratt. 648, was predicated on a statute which, after designating certain gambling devices, proceeded to say, "*or a table of like kind.*"

No such words appear in section 2194, Revised Statutes 1899, and clearly it is not necessary to make any such allegation. The devices for which defendant was indicted were of the kind and description denounced by the statute and specifically named and alleged to be gambling devices adapted, devised and designed for the purpose of playing games of chance for money and property, and this is confessed by the plea of guilty (Montee v. Com., 26 Ky. 132, 3 J. J. Marsh. 132), and that is sufficient.

It follows that the writ of error herein sued out must be and is ordered quashed and the judgment of the criminal court affirmed.

All concur, except *Burgess, J.,* absent.