## THE STATE v. HARRY WOLF, Appellant.

### Division Two, November 29, 1910.

1. **INSTRUCTIONS: Refusing Defendants.** It is not error to refuse instructions asked by defendant if they are fully covered by those given by the court of its own motion.

2. **GAMING DEVICE: Operated by Defendant for a Club and Its Members.** A so-called club let the defendants have the exclusive privilege of operating a crap table and game in the third story of the building, and for doing this they agreed to pay the club's steward one-half of all winnings and "rake-offs" of the crap tables and games. One of the defendants constantly watched the entrance to the room, while the other was in charge of the game. Defendants testified that they operated the table and games, but did so for the club and not for themselves, that only regular and honorary members of the club were permitted to play at the games, and that they could not exclude any member so long as he was not boisterous. *Held,* that the offense of setting up and keeping a crap table, designed, etc., and enticing and permitting persons to play at games of chance thereon, etc., was established beyond a reasonable doubt, and no demurrer to the evidence should have been sustained.

Appeal from St. Louis City Circuit Court—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Jeptha D. Howe* and *Alphonso Howe* for appellant.

(1) The indictment in this case is fatally defective, and defendant's motion to quash should have been sustained. The indictment alleges that defendant, etc., "set up and kept a certain table and gambling device commonly called a crap table, the same being then and on said other days and times there, a gambling device, adapted, devised and designed for the purpose of playing games of chance for money and property, and did then and on said other days and times there unlawfully and feloniously induce, entice and permit certain persons, etc., to bet and play at and upon a game played on and by means of such gambling device," etc. It appears clearly from the language of the indictment that same only charges that defendant did "set up and keep a certain table and gambling device commonly called a crap table,"and nowhere charges the use of dice or a crap table upon which dice are used, etc. In other words, it merely refers to the crap table, omitting entirely to associate the dice with the game. State v. Mathis, 206 Mo. 604; State v. Rosenblatt, 185 Mo. 115. (2) The court erred in refusing to give the instruction asked for by defendant at the close of the State's case, and in refusing, when requested by defendant, to direct a verdict then and there in favor of the defendant. This instruction tested the sufficiency of the State's evidence. The evidence for the State clearly shows that this room and all paraphernalia described therein was the property of the Oxford Club, a corporation, organized under the laws of Missouri; that the table had been there, or set up, as they called it, long prior to the time Wolf had anything to do with it, and

that it was set up by this Oxford Club; that Wolf was out of work and they gave him the job, so to speak, or employed him to look after the game, which was not his game; he did not own it. On the contrary, the Oxford Club owned it, maintained it, and it was peculiarly their affair. They simply employed Wolf to look after it, and he did not set it up or maintain it.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1)   The indictment is sufficient in form and substance, and the court did not err in overruling appellant's motion to quash same. It follows the approved forms of this court. State v. Lee, 228 Mo. 480; State v. Lockett, 188 Mo. 418; State v. Rosenblatt, 185 Mo. 114; State v. Mathis, 206 Mo. 604; State v. McKee, 212 Mo. 138. The indictment in this case is an exact copy (omitting names of certain parties) of the one approved in the Lee case, supra. (2) It is next contended by appellant that the court erred in admitting testimony as to the use of dice in playing the game of craps. This objection is without any merit whatever. It was competent to show that the game known as craps was played on the table kept by appellant, and that dice were used in playing the same. This objection is fully answered by the reasons given by this court in the case of State v. Hall, 228 Mo. 456.

GANTT, P. J.—Defendant was indicted, together with Frank Margulis, by the grand jury of the city of St. Louis at the February term, 1909, for feloniously setting up and keeping a crap table adapted, devised and designed for the purpose of playing games of chance for money and property and feloniously inducing, enticing and permitting divers persons to bet and play at and upon a game played on and by means of

such gambling device, against the peace and dignity of the State.

A severance was granted, and pleas of not guilty entered, and defendant put upon his trial, which resulted in a verdict of guilty as charged, and his punishment assessed at imprisonment in the city jail for six months. Motions for a new trial and in arrest were filed in due time, heard and overruled and the defendant sentenced in accordance· with the verdict. From that sentence he has appealed.

Defendant is not represented in this court by counsel. During the month of October, 1908, there was what was known as the "Oxford Club," at No. 920 North 15th street. It appears to have been the resort of professional gamblers. The building was three stories in height. The third floor was used exclusively for crap and card games. During October, 1908, the members of this so-called club let the defendant and Margulis have the exclusive privilege of operating a crap table and game in the third story of this building. For this privilege defendant and Margulis agreed to pay the bartender, who was the club's steward, one-half of all the winnings and rake-offs of the crap table and games. The entrance to the room was constantly watched by either Margulis or defendant, while the other was in charge of the game.

The door was provided with a signal bell and a button, to give notice of a raid by the officers of the law. The record discloses they did a flourishing business. Indeed, defendant testified that he and Margulis operated the crap table and games, but claimed that they did so for the club and not for themselves and that only regular and honorary members were permitted to play at the game and they could not exclude any member so long as he was not boisterous.

I.  The indictment was and is sufficient. [State

v. Lee, 128 Mo. 987; State v. Mathis, 206 Mo. 604; State v. Rosenblatt, 185 Mo. 114.]

II. The instructions which the defendant requested and which the court refused were fully covered by those given by the court of its own motion.

III. There is no merit in the point that the evidence did not support the indictment. The offense was established beyond a reasonable doubt. The judgment is affirmed. *Burgess* and *Kennish, JJ.,* concur.