# THE STATE v. ELVY JOHNS and WALTER GROSSE, Appellants.

## Division Two, June 23, 1914.

1. **INFORMATION: Setting Up Gambling Table.** An information charging the statutory offense of setting up and keeping a gambling table and a gaming device, which sets forth the offense in the language of the statute or its legal equivalents, is sufficient.

2. **————: Joint Offenders.** Where defendants were jointly concerned in the commission of the offense, it is proper to jointly charge them therewith in the one information.

3. **VERDICT: Joint Offenders.** Separate verdicts as to each defendant should be rendered when two or more persons are joined in the one information as having jointly committed the offense, although there is no severance and all are tried together.

4. **JUDGMENT: Separate Verdicts: Separate Sentences.** Where there are separate verdicts in the trial of defendants jointly charged with the commission of a crime, a separate judgment as to each may be rendered, or there may be one judgment against all if it is made to appear therein that the sentences were separately assessed.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*William P. Elmer* for appellants.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

(1) The information charges a statutory crime and sufficiently follows the statute. The same form as used in the case at bar has the approval of this court. Sec. 4750, R. S. 1909; State v. Etchman, 184 Mo. 193; State v. Rosenblatt, 185 Mo. 114; State v. Cannon, 232

Mo. 211. (2) Separate verdicts were returned, finding the appellants "guilty as charged in the information." Such a verdict is responsive to the information and has been often approved by this court. (3) Although the motion for a new trial alleges that the court committed error in refusing to give instructions 1, 2, 3, 4, 5 and 6, as requested by the appellants, the bill of exceptions does not show that instructions by such numbers were ever requested of the court; nor does the bill of exceptions show that the appellants objected in any way to the instructions as given. The instructions given by the court fully cover the law of the case as required by the recent decisions of this court. State v. Conway, 241 Mo. 291; State v. Dockery, 243 Mo. 599; State v. Sykes, 248 Mo. 713.

WALKER, P. J.—Appellants were charged in an information filed by the prosecuting attorney of Dent county under the provisions of section 4750, Revised Statutes 1909, with setting up and keeping a gambling table and gaming device called a "crap game," at the town of Salem, in said county, during the month of October, 1913. Upon a trial they were convicted and their punishment assessed at two years' imprisonment in the penitentiary, respectively. In conformity with the usual procedure they appeal to this court.

At the time charged in the information appellants were conducting a restaurant in the town of Salem, in Dent county. In the basement of the building occupied by them, there was a table covered with a cloth or blanket, and on this different parties would throw dice for money, in a game called "craps," a particular description of which is not necessary in this connection. The evidence is sufficiently clear that not only this basement but the table therein belonged to or was under the control of the appellants, and that they conducted the games played thereon and took a per cent

for same, or, in the terminology of crime, "took the rake-off." [State v. Wolf, 230 Mo. 676.]

No testimony was offered on behalf of the appellants.

I. It was contended by appellants on a motion to quash the information that no preliminary examination had been accorded them as required by section 5056, Revised Statutes 1909, as amended by Laws 1913, p. 224. The transcript furnishes a complete refutation to the truth of this contention, showing, as it does, a compliance with the requirements of the statute referred to.

*Preliminary Examination.*

II. The information which charges a statutory offense sets forth the same in the language of section 4750, supra, or its legal equivalents, and conforms to precedents approved in like cases. [State v. Rosenblatt, 185 Mo. l. c. 120; State v. Locket, 188 Mo. 415; State v. Lee, 228 Mo. 480; State v. Cannon, 232 Mo. 205; State v. Lawson, 239 Mo. 591.]

*Charge.*

III. The law applicable to cases of this character was given by the trial court in four instructions: The first was formal and defined the offense as set forth in the information, and told the jury in clear and unmistakable terms what facts were necessary to be proved before a verdict of guilty could be found, and stated the different degrees of punishment authorized; the second defined the term "wilfully;" the third explained to the jury that they might convict one of the defendants and acquit the other, or convict both or acquit both as they found from the evidence (State v. Kaiser, 124 Mo. l. c. 664; State v. Vaughan, 200 Mo. l. c. 19), and that separate verdicts should be returned in the case of each of the

*Instructions.*

appellants; the fourth, which was the only instruction asked by the appellants, was in regard to the presumption of innocence, and defining a reasonable doubt.

These instructions properly declared the law applicable to the facts on which the jury were to base their verdict. [State v. Lawson, 239 Mo. 591.]

IV. Appellants were jointly concerned in the commission of the offense, and were, therefore, properly jointly charged. Not having demanded a severance, their joint trial was authorized, and the separate verdicts in their respective cases, returned by the jury, was in compliance with the requirements of the statute which provides that "when several defendants are jointly tried, the punishment of each, in case of conviction, must be assessed separately." [Sec. 5252, R. S. 1909.] We find upon an examination of the record that separate judgments were rendered against each of the appellants, but if this had not been done, and it had appeared in a single judgment that the sentences were separately assessed, it would not have constituted error. [State v. Hollenscheit, 61 Mo. 302.]

**Joinder.**

The record disclosing no error prejudicial to the appellants, the judgment of the trial court should be affirmed. It is so ordered.

*Brown* and *Fáris, JJ.,* concur.