The State v. Charles Greer, Appellant.—6 S. W. (2d) 642.

Division Two, May 25, 1928.

*Von Mayes* for appellant.

*North T. Gentry*, Attorney-General and *Smith B. Atwood*, Special Assistant Attorney-General, for respondent.

WALKER, J.—The defendant was charged by information in the Circuit Court of Pemiscot County with setting up and keeping a gambling device, to-wit, a crap-table. Upon a trial he was convicted and his punishment assessed at twelve months' imprisonment in the county jail. From this judgment he appeals.

The validity of the information is the only matter of controversy.

The charging part of the same is in effect as follows:

That Charlie Greer did feloniously set up and keep a certain gambling table and gambling device, to-wit, a crap-table, on which a dice horn and take-off box were adapted, devised and used by Charles Greer to and for the purpose of playing a certain game of chance thereon and therewith called craps for money and property; and that the said Charles Greer did feloniously, etc., induce and entice and permit divers persons, whose names are to informant unknown, to bet and play at and upon said gambling table and device against said Charles Greer the keeper thereof and on the side and against other players for money and property, contrary to the form of the statute and against the peace and dignity of the State.

I. This charge is not subject to tenable objection. The offense is statutory. [Sec. 3537, R. S. 1919.] All of the material elements of the crime are charged with particularity; and the requirements of

the rule as to the requisites in an information charging an offense of this character are fully complied with. As was said in effect by this court in the early case of State v. Fulton, 19 Mo. 680, the crime consists in the setting up or in keeping the gambling device, named in the charge and in permitting persons to bet or play at such table or gambling devise. This ruling is followed by some observations by Judge RYLAND as to the salutary purpose of the Legislature in enacting statutes of the character under review, not necessary to be repeated here. In the latter case of State v. Rosenblatt, 185 Mo. 114, 120, 83 S. W. 975, the ruling in the Fulton case as to the sufficiency of the indictment was affirmed. In each of these cases the charges, while conforming to the constitutional requirement (Art. 2, sec. 22), that a defendant charged with crime shall be apprised of the nature and cause of the accusation against him, are not as specific in their averments as that at bar. While the information here is burdened with repetitions, nothing material to a valid charge has been left to intendment or implication; and the offense is clearly defined and the defendant is brought within the terms of the statute. The most recent case discussing the sufficiency of a charge under this statute for setting up and keeping, etc., a crap-table, is that of State v. Williams, 273 S. W. (Mo.) 1069. In that case the statute (Sec. 3537) defining the offense and the information charging a violation of the same were reviewed with Judge HIGBEE's usual care, and the charge, similar in all of its material features to that at bar, was held to be properly made. In addition to holding the information valid the denouncement of the statute was held, as in the Rosenblatt case, to apply to the setting up and keeping of gambling devices, not specifically named, as in the cases of poker and crap games. Other cases which also construe the statute as including crap games or devices set up and kept for the purpose of playing games of chance for money, are State v. Johns, 259 Mo. 361, 168 S. W. 587; State v. Lawson, 239 Mo. 591, 601, 145 S. W. 92; State v. Cannon, 232 Mo. 205, 211, 134 S. W. 513; State v. Lee, 228 Mo. 480, 128 S. W. 987.

There was no error in this case and the judgment is affirmed. All concur.