**STATE of Missouri, Respondent,**

v.

**Robert Lee LINCOLN, Appellant.**

No. 56859.

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

C. B. Fitzgerald, Warrensburg, for appellant.

FINCH, Chief Justice.

This is an appeal from a conviction for burglary and stealing wherein the court assessed defendant's punishment at consecutive sentences of five years for burglary and two years for stealing after the jury found defendant guilty of both offenses but was unable to agree on punishment. We affirm.

The original complaint filed in the magistrate court charged defendant and one Larry Sears with breaking and entering a store from which they stole various items. Defendant waived a preliminary hearing. Subsequently, the prosecuting attorney filed separate informations in the Circuit Court against defendant and Sears. Thereafter, Sears entered a plea of guilty and testified against defendant, who pleaded not guilty and stood trial in this case.

■ Defendant's first contention is that since the State filed a complaint against both him and Sears in the magistrate court and neither of them requested a severance, the State could not sever the charges against them. Defendant does not claim an absolute right under all circumstances to joint prosecution, but asserts that once the State filed a joint complaint in the magistrate court, it had elected that course and thereafter the two defendants were to be proceeded against jointly unless a severance was requested by one of those charged.

We find no merit in this contention. The offenses involved were ones which may be charged jointly or separately. If the State had elected to proceed by indictment, it could have charged defendants jointly in a single indictment or individually in separate indictments. The prosecuting attorney had the same election where defendants were charged by information rather than by indictment. The fact that the preliminary complaint filed in the magistrate court to determine probable cause named both persons in one complaint did not alter this right. Such a situation was dealt with in the case of State ex rel. Esser v. District Court of Fifth Judicial District in and for Nye County, 42 Nev. 218, 174 P. 1023. There, two men were charged jointly by complaint in the justice of the peace court with stealing nine head of cattle. After hearing, the justice of the peace entered judgment holding both defendants for trial in the district court. Thereupon, separate informations were filed against the two defendants, and a contention similar to that of defendant herein was made. In disposing of that contention, the court said, 174 P. l.c. 1026:

"We find no error or irregularity in the proceedings in this respect. Had the grand jury of Nye county investigated the charge against petitioner and his codefendant May after the preliminary examination held in the justice court of Beatty township, separate indictments might have been filed against the parties; or had they been jointly indicted, either or both might, under the statute, have demanded separate trials, and such demand the court would have been required to recognize and grant. Petitioner here was deprived of no substantial right by the filing of a separate information after a preliminary examination, although in that preliminary examination he was jointly charged with another in the commission of an offense." See also 42 C.J.S. Indictments and Informations § 158a, p. 1105.

■ Defendant cites § 545.880, V.A.M.S., Supreme Court Rule 25.07, V.A.M.R., and State v. Johns, 259 Mo. 361, 168 S.W. 587. However, the statute, Supreme Court

Rule and case simply deal with situations in which two or more defendants are jointly indicted or informed against. Where this occurs, defendants have the right to be tried separately if they request it; otherwise, joint trial is authorized and the trial court is granted discretion as to whether the defendants are to be tried separately or jointly. These authorities do not stand for the proposition advanced by the defendant.

■ Next, defendant makes an attack on Instruction No. 2, which was the verdict-directing instruction. He says that the evidence introduced was that Larry Sears actually broke and entered the building, opening a door to let defendant in, but that Instruction No. 2, instead of requiring a finding that the defendant acted in concert with others to accomplish the burglary, simply authorized a verdict if the jury found he broke and entered the building. Actually, there was evidence that defendant himself broke, entered and stole property from the building. A statement by defendant which was received in evidence told of prying a window, entering the building and taking articles. Larry Sears also testified as to such acts by defendant. We overrule this complaint as to Instruction No. 2.

■ Defendant also complains that the list of guns described in Instruction No. 2 was not the same as that in the information and bill of particulars. There are some differences in the list of guns but they are relatively minor. The guns taken from the defendant's truck at the time he was arrested were positively identified by the store manager, and the defendant consented to introduction of the guns as a group, not individually, and asserted no objection to their introduction. The minor variances in description of the guns would not have been materially prejudicial to defendant and would not result in reversible error.

■ Defendant's third contention is that the court erred in giving Instruction No. 8,

which stated: "The Court instructs the jury that voluntary intoxication is no excuse for the commission of crime." Defendant does not complain with respect to the wording or content of the instruction but says he did not advance voluntary intoxication as a defense to the crime charged and hence the giving of the instruction was error.

The record shows that the matter of defendant's asserted intoxication was referred to only in interrogation on behalf of defendant. He testified himself at some length on the subject and went into the matter on cross-examination of various other witnesses. There were numerous instances in which the subject of defendant's intoxication was referred to. Under these circumstances, the giving of the instruction was proper. State v. Sawyer, Mo., 365 S. W.2d 487.

■ Finally, defendant complains that the giving of Instruction No. 12 was reversible error. That instruction informed the jury as to the various verdicts possible, and told the jury that they should first decide on guilt or innocence, after which they should fix defendant's punishment. The instruction further stated, however, that if, after deliberation, they found the defendant guilty but were unable to agree upon the punishment for the offense of which they found him guilty, the foreman could sign one of the verdict forms so stating, and, in that event, the court would fix the punishment upon which the jury was unable to agree. Defendant complains that the jury deliberated a total of only thirty minutes and that as a result of Instruction No. 12 it abdicated to the court its function of fixing punishment.

The instruction in question was approved by this court in State v. Brown, Mo., 443 S.W.2d 805. Since that time, the instruction has been approved in various other cases. State v. Mills, Mo., 465 S.W.2d 554; State v. Thompson, Mo., 465 S.W.2d 590; State v. Ransburg, Mo., 466 S.W.2d 691.

The determination of the proper time which the jury should be allowed to deliberate for the purpose of determining punishment rests in the discretion of the trial court. State v. Hampton, Mo., 317 S.W.2d 348; State v. Burton, 355 Mo. 792, 198 S. W.2d 19. We decline to disturb the exercise of discretion by the trial court judge.

Judgment affirmed.

All of the Judges concur.