## Ex Parte Dusenberry.

1. **Criminal Law**: CAPITAL OFFENSE : RAPE. A capital offense is one which may be punished with death. Rape, under Revised Statutes, 1879, section 1253, being punishable with death, or by imprisonment in the penitentiary not less than five years, in the discretion of the jury, is a capital offense in this state.

2. ——— : ——— : ——— : PRESUMPTION : BAIL. One under indictment for rape, who offers no evidence to remove the presumption arising from the indictment, that " the proof is evident or the presumption great " that he committed the offense, is not entitled to bail under section 24 of the bill of rights.

3. ——— : PUNISHMENT, DISCRETION AS TO : JUDGMENT BY CONFESSION. It is competent for the legislature to vest in the triers of fact the power to determine the punishment within certain limits ( R. S., sec. 1929), and " in cases of judgment by confession the court shall assess and declare the punishment, and render judgment accordingly." ( R. S., 1879, sec. 1930 ).

*Habeas Corpus.*

PETITIONER REMANDED.

*Barnett, Forrist* and *McGaffen* for petitioner.

(1) The statute under which relator is indicted is void, because unconstitutional. Revised Statutes, section 1253, so far as the penalty is concerned, reads : " Shall suffer death or be punished in the penitentiary for a period not less than five years, in the discretion of the jury." It will be seen that this section is a new departure. No such provision is found in any act of our legislature. The legislature has denounced no penalty against the crime of rape. Within certain limits the whole matter of punishment has been committed to the jury. The jury is made a legislative body in the premises. Revised Statutes, section 1229, is wholly unlike this. That section authorizes the jury

to select one or another of two or more alternative punishments, positively fixed and declared by the legislature, and assess the selected one finding the accused guilty. The statute in review fixes no penalty in the alternative to be selected by the jury, but leaves that body to declare and fix the penalty. To make the sanction of a penal statute is the exercise of legislative power; all such power has been invested in the legislature, and any effort to transfer any portion of such power to any other body is void, being unconstitutional. Const., art. 3, sec. 1; Cooley's Const. Lim. [3 Ed.] 117, 118; *State v. Wilcox*, 45 Mo. 458. (2) The same section of the statute is violative of article 3, and section 1, article 6, of the constitution of Missouri, and void because it undertakes to transfer judicial power from the circuit court to the jury. To enforce a penal statute by inflicting the legislative sanction or penalty is an essential and inherent part of judicial power. To transfer this power to a jury has not been attempted before in this state. This section 1253, *supra*, undertakes to vest the whole power of punishment in the hands of the jury to be exercised by that body only. Such an effort is void. *State v. Adams*, 44 Mo. 585; *State v. Maynard*, 14 Ill. 420; *Chandler v. Nash*, 5 Mich. 409; *Gough v. Dorsey*, 27 Wis. 130. If the clause under discussion is permitted to stand, then, upon a plea of guilty, the court is powerless to punish. It takes the case out of the operation of either common law or statutory power of the court to assess the punishment upon such plea. The statute has fixed no punishment to be employed by the court. For the same reason if a verdict of guilty be returned and no penalty assessed, the court cannot assess one *quoad* rape. Section 1930, *et seq.* are all repealed. The jury may assess the penalty of death which in the given case may be a " cruel " punishment within the meaning of our constitution, and hence not to be inflicted, yet

the case is excepted ( R. S., sec. 1933 ), and the court is powerless, because the whole matter has been committed to the "discretion of the jury."

*John M. Wood*, Attorney General, and *Sol. Hughlett*, Prosecuting Attorney, *contra.*

The application depends for its correct determination upon the question as to whether the crime of rape, as defined and punished by our statute, may properly be denominated a capital offense. All offenses which may be punishable by death are properly denominated capital offenses. The punishment which may be inflicted gives to it its character in enormity, and classes it with the other atrocious offenses punishable with death. The terms, "proof evident," and "presumption great," can only have reference to the evidence of guilt, and not the degree or measure of punishment. The fact that the jury may assess a less punishment does not exclude it from this class of offenses, for it would be impossible in any case to foretell what may be the verdict of the jury. The jury have the power and the right in this case to assess a punishment other than death, as they have the power in all other capital cases possessing degrees to assess a lower punishment; but there can be no means for ascertaining whether they will exercise this power and right in the one case, or the power in the other. Every proceeding in this case is as for a capital offense, and if the court would, upon a conviction on this charge, sustain a verdict assessing the death penalty, then bail should be refused the petitioner.

BARCLAY, J.—The petitioner obtained a writ of *habeas corpus* from this court with a view to his admission to bail. It appears that he is in custody by virtue of a commitment on a charge of rape. An indictment for that offense has been duly found against him by the grand jury. The case has not reached its first hearing

in the circuit court. Having been refused bail by HON. E. M. HUGHES, as trial judge, after a hearing of some evidence on the subject, defendant seeks to give it under this writ.

By the constitution it is provided : "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident, or the presumption great." Sec. 24, Bill of Rights. We are hence to decide whether under our laws the petitioner is charged with a "capital offense." His counsel has offered no evidence to remove the presumption arising from the indictment that "the proof is evident or the presumption great" (*People v. Tinder*, 19 Cal. 539 ; *Ex parte Vaughn*, 44 Ala. 417) ; but rests the demand for admission to bail on the theory that the charge is not a capital one, and is therefore bailable as a matter of right. A very ingenious and able argument has been made in support of that theory. We have duly considered it.

By our statutes it is provided that every person convicted of this charge "shall suffer death or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury." R. S. 1879, sec. 1253. The offense may therefore be punished with death, but is not necessarily so punishable. A "capital offense" is one which is punishable—that is to say, liable to punishment—with death. This is the substance of the definitions by the lexicographers, both professional and lay. The offense, then, is a capital one within the meaning of the constitution.

But it is claimed further that the law in question is unconstitutional in delegating to the jury the discretionary power above indicated. It is suggested in this connection that should a defendant plead guilty, and no jury therefore be called, the court could pronounce no sentence, the power to fix the punishment being given to a jury only. In construing a law, we endeavor to give

effect to the intent of the legislature as gathered from the language employed to express it, accepting the words used, in their plain, ordinary and usual meaning. So regarded, the law under review merely establishes a maximum and minimum of punishment for the offense. In this respect it does not differ in substance (though it may in form) from other statutes permitting a latitude in the assessment of punishment, for another section of the criminal law declares that "in all cases of a verdict of conviction for any offense where, by law, there is any alternative or discretion in regard to the kind or extent of punishment to be inflicted, the jury may assess and declare the punishment in their verdict, and the court shall render a judgment according to such verdict, except as hereinafter provided." R. S. sec. 1929.

Should a defendant plead guilty to such a charge and no jury be therefore required, the court could lawfully proceed to sentence by virtue of the section providing that "in all cases of judgment by confession, the court shall assess and declare the punishment, and render judgment accordingly." (Sec. 1930). That the legislature may lawfully vest in the triers of fact a power to determine the punishment within certain limits (as in the law here discussed) we do not doubt. The justice of doing so, and thereby permitting such a measure of punishment to be inflicted as the circumstances of each particular case may demand, was probably apparent to the law-makers and need not be discussed here.

The petitioner should be remanded and it is so ordered, with the concurrence of all the judges.