```
171    571
177   ²716
```

# THE STATE v. McCULLOUGH, Appellant.

### Division Two, February 3, 1903.

1. **Carnal Knowledge:** SUBSTANTIAL EVIDENCE. Where the only question on the trial of a defendant for having carnal knowledge of an unmarried female between the ages of fourteen and eighteen years, is, whether or not she was of previously chaste character, and there is substantial evidence to sustain the jury's finding on that point, the appellate court will not assume to become triers of the fact, but will allow the verdict to stand.

2. ———: NEWLY-DISCOVERED EVIDENCE: AFFIDAVIT OF WITNESS. To obtain a new trial on the ground of newly-discovered evidence, the rule is that the affidavit of the witnesses who will testify to the newly-discovered facts must accompany the motion.

3. ———: ———: ———: EXCUSE FOR FAILURE: INCRIMINATING AFFIANT. A court is not justified in granting a new trial on the affidavit of defendant alone that he had discovered that certain witnesses had had carnal knowledge with the prosecutrix, and that they would not make affidavit to such facts nor testify until the statute of limitations had run against them, their excuse being that to do so would incriminate them.

4. ———: INDICTMENT: CHARGING ASSAULT. An indictment making it a felony for one over sixteen years of age to have carnal knowledge with an unmarried female between the ages of fourteen and eighteen years, of previously chaste character, need not charge an assault. Violence is not part of the offense. The statute contemplates consent.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

*Landrum & Sizer* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) The indictment follows the language of the statute creating the offense for which defendant was being tried. Every element constituting the crime is alleged. It fully meets all the requirements of good pleading. State v. Knock, 142 Mo. 522; Ballerson v. State, 63 Ind. 531; State v. Burries, 126 Mo. 565; State v. Johnson, 93 Mo. 317; 2 Bishop's New Crim. Pro., sec. 960. (2) The State proved every element necessary to constitute the offense. The record conclusively shows: That the defendant had carnal knowledge of the prosecutrix, Hattie Higbee, in the month of January, 1900; that Hattie Higbee, in the month of January, 1900, was between the ages of fourteen and eighteen years of age; that she was an unmarried female at the time; that her general reputation for virtue and chastity prior to her debauchment in the community where she had lived all her life was good; that the prosecutrix had never before had intercourse with any person; that in January, 1900, the defendant was over the age of sixteen years; that the amorous encounter was had in Lawrence county, Missouri. There was, at least, substantial evidence of defendant's guilt and in such case, this court will not interfere with the verdict. State v. Williams, 149 Mo. 496; State v. DeWitt, 152 Mo. 86.

(3)　The rule adopted by this court upon the subject of granting new trials upon the grounds of newly-discovered evidence is as follows: "The application must show, first, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if the new trial were granted; fourth, that it is not cumulative; fifth, the affidavit of the witness himself should be produced, or his absence accounted for; sixth, that the object of the testimony is not merely to impeach the character of a witness." Measured by the above requirements the application in this case fails in three particulars: first, the affidavits of the witnesses are not produced; second, the pretended evidence is cumulative; third, the object of the testimony is merely to impeach the character of a witness. Courts view with disfavor the granting of new trials on the ground of newly-discovered evidence. In this case the defendant had offered much testimony tending to show that the prosecutrix was not a person of previously chaste character. His pretended newly-discovered evidence is, therefore, cumulative. The prosecutrix testified that she had never before had intercourse with any person. The tendency of the supposed newly-discovered evidence was to impeach this statement. These facts, together with the further fact that the affidavits of the witnesses were not produced, fully warranted the court in refusing to grant a new trial. State v. Bowman, 161 Mo. 94; State v. Knetteles, 153 Mo. 464; State v. Miller, 144 Mo. 26; State v. Tomasitz, 144 Mo. 86; State v. Lucas, 147 Mo. 72; State v. Welsor, 117 Mo. 583; State v. Campbell, 115 Mo. 391. (4) It devolved upon the State to show the previous chaste character of the prosecutrix. To meet that demand the State introduced much evidence showing that the prosecutrix's general reputation for chastity was good. In cases of this kind the character of the prosecutrix may be shown by evidence of her general reputation in that respect. State v. Whit, 35 Mo. 500; State v. Welsor,

117 Mo. 580; State v. Reinhenner, 109 Iowa 624; 3 Greenleaf on Evidence, sec. 214; Hughes on Criminal Law and Procedure, secs. 2124, 2155 and 3153; State v. Grugin, 147 Mo. 62; Century Dictionary.

FOX, J.—In this case the defendant was indicted at the February term, 1901, of the circuit court of Lawrence county, in pursuance of the provisions of section 1838, Revised Statutes 1899, in which he is charged as being over the age of sixteen and that he had sexual intercourse with one Hattie Higbee, an unmarried female of previous chaste character, between the ages of fourteen and eighteen years.

There was a trial upon this charge which resulted in the conviction of the defendant, and his punishment was fixed at two years in the penitentiary. From the judgment of the court this appeal is prosecuted.

The testimony upon the part of the State tends to establish the charge in the indictment. In fact, the defendant admits having intercourse with the prosecuting witness, Hattie Higbee, and bases his defense entirely upon her previous unchaste character. The State introduced evidence of her good moral character, and the defendant introduced testimony in rebuttal of that offered by the State. Upon the question of chastity there is a sharp dispute. This question was fairly submitted to the jury and they determined it adversely to the defendant.

The motion for new trial only complains of two errors: first, that the verdict is against the evidence and the weight of evidence; secondly, that the court erred in not granting a new trial on the ground of newly-discovered evidence.

Upon the first complaint, that the verdict was against the evidence, it is sufficient to say that there was but one disputed question, that was as to previous chaste character. The testimony was conflicting upon that question; the court fairly presented it to the jury by appropriate instructions, and their finding was based upon substantial testimony; and this court will

not convert itself into ''a trier of the facts'' and undertake to find a different result from that of the jury. [State v. Williams, 149 Mo. 496; State v. Dewitt, 152 Mo. 76.]

No point is made upon the instructions in the motion for a new trial, hence, we are not called upon to review them. We will say, however, that they fairly presented the law upon the entire case.

The contention that is most earnestly urged, is the error of the court in refusing to grant a new trial upon the newly-discovered evidence. As to this contention, the motion for a new trial is only supported by the affidavit of the defendant. It fails in an essential particular to conform with the long and well-settled rule announced by this court, in this, that the affidavits of the witnesses who it is alleged will testify to the newly-discovered facts, must ''accompany the motion for a new trial.''

It is said by way of accounting for the failure in this respect, that the witnesses refused to make the affidavits because it would incriminate them. The newly-discovered evidence is that the two witnesses would testify ''that they had sexual intercourse with the prosecuting witness, prior to January, 1900,'' hence, would not make affidavits or testify until the offense against them was barred by the statute of limitation.

This court can not afford to make the precedent upon the showing in this case, that a new trial should be granted upon the unsupported affidavit of the defendant. To do so would simply destroy all the safeguards surrounding a formal and fair trial. There would be very few defendants with the penitentiary staring them in the face who could not make the necessary showing, if this just rule should be departed from. If having discovered this evidence after trial, entitled the defendant to a new trial upon his unsupported affidavit, alleging that they refuse to make the necessary affidavits for the same reason, if the testimony had been discovered before the trial and they refused to testify, the defendant could have insisted along the same line of argument that the

case ought to be continued for two or three years, until the statute of limitations would bar the offenses of the witnesses, so their testimony could be secured. This would be a very dangerous precedent, and materially interfere with the administration of the law. There was no error in overruling the motion for new trial on the ground of newly-discovered evidence. [State v. Bowman, 161 Mo. 88; State v. Miller, 144 Mo. 26.]

It was suggested in oral argument that the indictment in this case is insufficient for the reason that it fails to charge an assault. This allegation is not necessary in charging the offense under this statute. Section 1838, Revised Statutes 1899, does not contemplate an assault. The encounter under that section is not one in which violence is required; it is amicable and the acts done are with full consent. The indictment follows the language of the statute and clearly charges every element necessary to constitute the offense.

Finding no error in the record in this cause, the judgment will be affirmed. All concur.