THE STATE v. GROVER PERRIGIN, Appellant.

Division Two, May 26, 1914.

1. **CARNAL KNOWLEDGE: Information.** The offense of carnal knowledge of an unmarried female, of previous chaste character, aged between fourteen and eighteen years, is of statutory origin; and, therefore, an information in the language of the statute, if it sets forth all the constituent facts necessary to constitute the offense, which the statute creating this offense does, will be sufficient.

2. ————: ————: **Omission of Word "An" Before "Unmarried."** The omission of the article "an" before the word "unmarried" in the clause "did then and there. unlawfully and feloniously have carnal knowledge of unmarried female of previous chaste character," was not misleading, did not destroy the sense, and is not a valid objection to the information.

3. ————: **Validity of Statute: Punishment Fixed by Court.** A defendant in a felony case has no constitutional right to have the jury fix the punishment. Therefore, Sec. 4472, R. S. 1909, prescribing certain punishment for the offense of carnal knowledge of an unmarried female of previous chaste character, "within the discretion of the court," thereby authorizing the jury to return a general verdict and leaving the fixing of the punishment to the court, is not invalid as in violation of any constitutional right of defendant. [Following State v. Hamey, 168 Mo. 167.]

4. ————: **Instructions: Subsequent Acts of Unchastity.** The defendant, in a prosecution for the offense of carnal knowledge of an unmarried female of previous chaste character, aged between fourteen and eighteen years, is not entitled to an instruction declaring that acts of said female since her first carnal knowledge by defendant, may be taken into consideration by the jury in determining her previous chaste character. Such an instruction is erroneous, and should not be given.

5. ————: ————: **Failure to Instruct: Not Made Ground for Motion for New Trial.** Failure by the trial court to instruct the jury in writing upon all questions of law arising in the case necessary for their information in arriving at their verdict, will not be a good ground for a new trial or for reversing the judgment of conviction, unless such failure be called to the attention of the trial court in the motion for a new trial, though it is not necessary, yet by far the best practice, to save an exception to such failure at the time the instructions are given.

Appeal from Greene Criminal Court.—*Hon. C. H. Skinker*, Judge.

A_FFIRMED._

*Gideon & West* and *J. B. Delaney* for appellant.

*John T. Barker*, Attorney-General, and *W. T. Rutherford*, Assistant Attorney-General, for the State.

(1)  The information follows the language of the statute and sufficiently charges the offense. Sec. 4472, R. S. 1909; State v. Hunter, 171 Mo. 439; State v. Mc-Cullough, 171 Mo. 576; State v. Eubanks, 199 Mo. 123; State v. Hamey, 168 Mo. 167.  (2)  The verdict of the jury reads: "We, the jury, find the defendant guilty as charged," and is in accordance with the statute. Sec. 4472, R. S. 1909; State v. Hamey, 168 Mo. 167; State v. Bishop, 231 Mo. 415.  (3)  The record does not show that defendant excepted to the action of the court in giving its instructions, therefore, any error in the instructions given are not reviewable. State v. Cantlin, 118 Mo. 100; State v. Hillsback, 132 Mo. 348;

State v. Sacre, 141 Mo. 64; State v. Bailey, 190 Mo. 257. (4) Defendant's refused instruction was rightfully refused, because by that instruction the jury was told that in passing upon the question of the previous chaste character of the prosecutrix they were authorized to consider her conduct and general reputation for virtue and chastity since the date of her first indulgence. State v. Knock, 142 Mo. 526; State v. Day, 188 Mo. 369.

WALKER, P. J.—Appellant was charged in an information filed by the prosecuting attorney of Greene county with a violation of section 4472, Revised Statutes 1909, in having carnal knowledge of an unmarried female of previously chaste character, between the ages of fourteen and eighteen years, the appellant being at the time more than sixteen years of age. Upon a trial he was found guilty, the verdict being in the following form: "We the jury find the defendant guilty as charged."

After unsuccessful motions for a new trial and in arrest, a judgment was rendered herein under which appellant was sentenced by the court to two years' imprisonment in the penitentiary. From this judgment he appeals to this court.

Counsel for appellant have not favored us with a brief or any memorandum setting forth the errors assigned other than as is disclosed by the record, which it is our duty to examine.

Appellant is under recognizance pending this appeal.

I. The sufficiency of the information is challenged. Omitting the formal parts, name of the prosecutrix, and the signature of the prosecuting attorney, it is as follows: "that Grover Perrigin, late of the county and State aforesaid, on or about the ——— day of March, A. D. 1910, at the

Information.

county of Greene and State of Missouri, he, the said Grover Perrigin, being then and there over the age of sixteen years, did then and there unlawfully and feloniously have carnal knowledge of unmarried female of previous chaste character, to-wit: ——————————, she the said ——————————— being then and there between the ages of fourteen and eighteen years, to-wit, of the age of fifteen years;

"Contrary to the form of the statute in such cases made and provided against the peace and dignity of the State."

The offense charged is of statutory origin. In charging offenses of this character the language of the statute alone will suffice if it sets forth all of the constituent facts necessary to constitute the offense; if not, then in addition to the language of the statute such constituent facts must be pleaded. [State v. Maurer, 255 Mo. 152; State v. Hilton, 248 Mo. l. c. 530; State v. Gabriel, 88 Mo. 631.]

In the instant case all of the necessary elements of the offense are set forth in the statute, and hence the information which embodies its language is not subject to valid objection. The use of the words in the information: "have carnal knowledge of unmarried female," instead of "of *an* unmarried female" is simply an omission of the word "an," not in any manner misleading, which did not destroy the sense and is too trifling to merit serious consideration.

Precedents in support of the sufficiency of this information, varying only in minor and unimportant particulars, may be found in the following cases: State v. Hunter, 171 Mo. l. c. 439; State v. McCullough, 171 Mo. 571; State v. Hall, 164 Mo. 528; State v. Knock, 142 Mo. 515.

II. The statute (Sec. 4472, supra) upon which this prosecution is based prescribes certain punishment

**Validity of Statute.** for the offense charged "in the discretion of the court;" this authorizes the jury to return a general verdict and leaves the fixing of the punishment to the court. Appellant complains of this statute as a violation of his constitutional rights, in that he is entitled, within the limits prescribed, to have the jury fix his punishment. This statute was learnedly reviewed by GANTT, J., in State v. Hamey, 168 Mo. 167, in which it was held that no constitutional right of a defendant was violated in authorizing either the court or the jury to fix the punishment in a felony case. That the constitutional provisions guaranteeing an accused "a speedy, public trial by an impartial jury of the county" (Art. 2, sec. 22), and that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate" (Art. 2, sec. 28) meant, as at common law, a jury of twelve men, indifferent between the accused and the State, summoned from the vicinage where the crime was alleged to have been committed, left free to act according to the dictates of their own judgment, and unanimous in their verdict. That if these requisites are found to be present, the accused has no ground of complaint, because, under the common law, the court fixed the punishment, and there being nothing in the Constitution requiring the jury to fix the same, a statute which confers this power on the court violates no substantial right. We so hold.

III. Appellant complains of the instructions. Trial courts are required in criminal cases, whether requested or not, to instruct juries in **Instructions.** writing upon all questions of law arising in cases necessary for their information in giving their verdicts, and a failure so to instruct in cases of felony shall be good cause, when a defendant is found guilty, for setting aside the verdict and granting a new trial. [Sec. 5231, R. S. 1909; State v. Conway, 241 Mo. 271.]

However, to enable the appellate court to review the instructions, it is necessary that they be properly incorporated in the bill of exceptions. While it is the better practice to except at the time to the failure of the trial court to give the necessary instructions in a felony case, and preserve such exceptions in the motion for a new trial, it is held in State v. Conway, supra, in construing said section 5231, that such failure shall be good cause for a new trial without request or exception by the defendant at the time. This does not mean that the alleged error in failing to properly instruct should not be called to the trial court's attention in the motion for a new trial, not only for the reasons stated in the Conway case, supra (p. 291), but for the further reason that unless the trial court's failure to properly instruct is made a ground for the motion for a new trial, it is not a matter of exception and cannot be considered by the court.

In the case at bar, the motion for a new trial is silent as to the instructions except instruction numbered 2 given by the court. This is a general formal instruction defining the offense and the essentials necessary, under the statute, to authorize the finding of a general verdict of guilty, and properly stated. There is no substantial ground of objection to the instruction.

Appellant complains of the refusal by the court of two instructions requested by him. One of these is completely covered by the instructions given, and the other was erroneous in declaring that acts of the prosecutrix, since her first carnal knowledge by defendant, might be taken into consideration by the jury in determining her previous chaste character.

This appeal is wholly without merit. The judgment of the trial court should, therefore, be affirmed, and it is so ordered. *Brown* and *Faris, JJ.*, concur.