STATE of Missouri, Respondent,

v.

Walter Lee MORTON, Appellant.

No. 47984.

Supreme Court of Missouri,
Division No. 1.

Oct. 10, 1960.

R. B. Kirwan, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

The amended information herein charged defendant with robbery in the first degree under the provisions of Section 560.120 (unless otherwise indicated all statutory references are to RSMo 1949, V.A.M.S.) and also charged two prior felony convictions. See Section 556.280, as amended Laws 1959, S.B. No. 117, Section 1, P.P. Vol. 40 V.A.M.S. In accordance with the provisions of the section last cited the trial court held a hearing outside the presence of the jury and found that defendant had been priorly convicted of two felonies and in each instance had been sentenced and imprisoned therefor. The subsequent jury trial resulted in a verdict finding the defendant guilty of robbery in the first degree. Thereafter, in compliance with Section 556.280, subd. 1, supra, the trial court proceeded to determine defendant's punishment and such was fixed at imprisonment in the penitentiary for a term of twenty years. See Section 560.135. Defendant has duly appealed from the ensuing judgment and sentence.

Defendant in his motion for new trial does not challenge the sufficiency of the State's evidence to support the conviction and hence a brief statement of facts will suffice.

The prosecuting witness, Dave Zusman, testified that he operated a liquor and tobacco store at 1301 East 12th Street in Kansas City, Missouri; that on March 23, 1959, the defendant came into the store at 8:30 p. m. and bought a package of cigarettes; that defendant then left the store but returned at 11:15 p. m., at which time there was only one other person in the store, Mr. Stewart Cox; that defendant asked for a fifth of "House of Lords" Scotch but was advised by the witness that he did not have that brand and defendant stated he would take "Teachers"; that the whiskey was placed in a sack and the witness asked defendant for the price thereof; that defendant then pointed a pistol at the witness and said, " 'This is it. I want all the money you got.' " At that time Mr. Zusman stated, "I will give you all the money I got," and reached under the counter and pulled out a gun and shot at the defendant five times. He stated that the

defendant then grabbed the bottle of whiskey and left the store. Immediately thereafter a police car arrived at the front of the store and Mr. Zusman advised the police that he had been robbed and the police then took up the pursuit of the defendant who had gone into a nearby alley.

Mr. Cox testified that on the occasion in question he was in the store watching TV; that he heard someone talking with Mr. Zusman and looked up and saw a man pointing a gun at Zusman; that when Mr. Zusman started shooting the other fellow dropped his gun and left the store; that shortly thereafter the witness picked up the gun and placed it on the counter and then stepped outside where he picked up a hat which had apparently been dropped by the defendant; that the hat and gun were delivered to a detective.

The shots fired by Zusman were heard by Wright Smith, a reserve police officer who was eastbound (with another officer) in a police car on 12th Street. Smith testified that he saw the colored man run from the liquor store and followed him into the alley where he had entered a parked Oldsmobile; that when he called for defendant to surrender, the car started forward and the witness fired six shots into the car. The police followed the car and apprehended the defendant therein at the intersection of 18th and College Streets. At the time of his arrest defendant was found to be suffering from several bullet wounds and had an empty holster on his belt. A bottle of whiskey was found in the front seat of the car.

Defendant testified that he had been fishing on the day in question and dropped into the liquor store to purchase some whiskey; that while he was being waited upon someone in the rear of the store said, " 'Look out, he has a gun,' " and at that time someone (apparently Mr. Zusman) started shooting at him; that he left the store and was able to get into his car and start for the hospital before being apprehended by the police.

Defendant has not filed a brief in this court. We will therefore proceed to examine the assignments in his motion for new trial.

■ The original information charged the offense for which defendant was convicted but did not allege any prior convictions. On the day of the trial the State was permitted to file an amended information in which defendant was charged with the prior felony convictions. Defendant's first assignment is that the amended information constituted a "new charge" and that he should have been accorded another preliminary hearing and also granted time to meet the "new charge." In that connection we note that no objection was made to the filing of the amended information and there was no request for a preliminary hearing or for additional time to prepare for trial. By failing to object and proceeding to trial defendant waived the right to complain of the matters mentioned in said assignment. State v. Casteel, Mo. Sup., 64 S.W.2d 286. Moreover, we held in State v. Long, 324 Mo. 205, 22 S.W.2d 809, that it was not error for the court to deny a request for a preliminary hearing based upon the fact that an amended information had been filed which, in addition to the originally charged crime, alleged a former conviction under the Habitual Criminal Act. The assignment is without merit and is ruled adversely to defendant.

■ The second point in the motion for new trial alleges that the court erred in permitting the State to elicit from the defendant upon cross-examination that defendant had previously been convicted of two felonies because nothing concerning prior convictions had been brought out upon his direct examination. It is provided in Section 546.260 that if a defendant becomes a witness in his own behalf he "may be contradicted and impeached as any other witness in the case." Section 491.050 provides that "Any person who has been convicted of a criminal offense is, not-

withstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination * * *." It is now well settled by the decisions of this court that a defendant who elects to testify in his own behalf may be cross-examined with respect to his former convictions upon the issue as to his credibility as a witness, and that is true notwithstanding the provision in Section 546.260 which limits the cross-examination of a defendant to matters referred to in his examination in chief. See State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87, 103 A.L.R. 339, and State v. Reece, Mo. Sup., 324 S.W.2d 656. The court did not err in permitting the cross-examination of which complaint is made.

Prior to the 1959 amendment the provisions of Section 556.280 required that evidence of the prior conviction, imprisonment and discharge of a defendant be presented to the jury as a part of the State's case, and the jury was instructed, upon a finding of those facts, together with a finding of guilt as to the subsequent offense, to fix the punishment at the longest term of imprisonment prescribed therefor. As indicated by the procedure followed in the instant case Section 556.280, as amended, supra, provided, in part, as follows:

"1. If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.

"2. Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole

or probation, then the jury shall determine guilt and punishment as in other cases."

■ The next assignment in the motion for new trial reads as follows: "3. The act referred to herein, Section 556.280, Senate Bill No. 117 denies to the defendant the constitutional right of having his penalty fixed by a jury and in lieu thereof places it in the court, denying him the privilege of having his cause submitted to his peers. This is in derogation of the common law and contrary to the constitution of the State of Missouri, in that he was denied due process of law, it is special proceeding in that it does not apply to all persons accused of crime, rather it singles out a certain class who have had prior convictions." Section 22(a), Art. 1, Constitution of Missouri 1945, V.A.M.S., provides "That the right of trial by jury as heretofore enjoyed shall remain inviolate." That or somewhat similar provisions have been in our various constitutions since Missouri became a state. We have uniformly held that the right of trial by jury as guaranteed by the constitution is the same as the right that existed at common law and that at common law the jury determined the guilt or innocence of the accused and the court fixed the punishment. State v. Hamey, 168 Mo. 167, 67 S.W. 620, 57 L.R.A. 846; State v. Perrigin, 258 Mo. 233, 167 S.W. 573; State v. Johnson, Mo.Sup., 234 S.W. 794. See also 31 Am.Jur., Jury, Section 35, p. 40.

■ In the Hamey case, supra, the defendant contended that the statute under which he was convicted was unconstitutional because it provided that the court, rather than the jury, fix his punishment. After an exhaustive review of the question the court concluded as follows: "These references clearly show that the laws of Missouri have always recognized that it is constitutional to authorize either court or jury to assess the punishment in a felony case. * * * As the right and duty devolved upon the court at common law to assess the punishment, it is plain this statute does

not violate the common-law jury trial, in leaving the punishment to the court." 67 S.W. loc. cit. 623. Upon the authority of the Hamey case, and subsequent cases approving the holding therein, we rule that Section 556.280, as amended, supra, is not unconstitutional because of the provision that the court shall assess the punishment under the circumstances therein specified.

■ The above-quoted assignment also indicates a complaint by defendant that he was denied due process of law and equal protection of the laws in that under Section 556.280, as amended, supra, persons previously convicted of crimes are treated differently than other persons charged with a criminal offense. The contention is without merit. We have already held that the applicable provision of the Missouri Constitution does not require that the jury determine the punishment in criminal cases. Such is not required by the "due process" clause of the Fourteenth Amendment to the Constitution of the United States. 31 Am. Jur., Jury, Section 10, p. 16. Moreover, it has been repeatedly held that statutes providing that those persons who have been previously convicted of a crime shall, upon conviction of a subsequent offense, receive an increased punishment, are not unconstitutional and that the requirement concerning a prior conviction affords a reasonable basis for classification. See State v. King, 365 Mo. 48, 275 S.W.2d 310; 16A C.J.S. Constitutional Law § 564, p. 529; and Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917. The statute we are considering does not necessarily require an increased punishment for persons who are found to have prior felony convictions but it does provide for a different procedure in that contingency, i. e., the determination of the punishment by the trial judge rather than the jury. That provision did not deny to defendant the equal protection of the laws. Cases holding that a finding of prior convictions affords a reasonable basis of classification as to defendants in that class are as applicable to the instant provision as they are to various other provisions of habitual criminal statutes. As heretofore indicated, we hold that the instant statute is not unconstitutional because of any denial of due process or equal protection of the laws.

The fourth assignment asserts that the court "did not find that the defendant had been convicted of a crime prior to the one on which he was on trial." It is difficult to understand the basis for that contention as the transcript clearly discloses a finding by the court that defendant had been convicted of two prior felonies. The contention is therefore overruled.

The offense for which defendant was convicted was alleged to have been committed on March 23, 1959. Section 556.280, as amended, supra, became effective on August 29, 1959. We construe defendant's final assignment as contending that he should not have been tried under the procedure set out in the amended act because it became effective after the instant crime was alleged to have been committed and hence, if applicable to him, the amended act was an ex post facto law. Section 13, Art. 1, Constitution of Missouri 1945, prohibits the enactment of ex post facto laws. "In Calder v. Bull, 3 Dall. 386, 1 L.Ed. 648, ex post facto laws are said to be: '(1) Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action. (2) Every law that aggravates a crime, or makes it greater than it was when committed. (3) Every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed. (4) Every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. * * *'" State v. Kyle, 166 Mo. 287, 65 S.W. 763, 768, 56 L.R.A. 115. Some authorities have added to the quoted definition another general classification which is said to include any law which, "in relation to the offense or its consequences, alters the situation of an accused to his material dis-

advantage." 16A C.J.S. Constitutional Law § 435, p. 141.

 We think it is obvious that the purpose of the General Assembly in enacting the 1959 amendments to Section 556.280 was to provide a mode of procedure under which a defendant could be tried under the Habitual Criminal Act without it being disclosed to the jury that he had been previously convicted of a felony. It is our conclusion that said act was not an ex post facto law within the meaning of the constitutional provision heretofore referred to. It was procedural in nature and did not create a new crime, increase the punishment for robbery, or come within the terms of any of the classifications specified in the definition heretofore quoted. The act provided that the trial judge, rather than the jury, should determine the punishment. That change was required in order to carry out its purpose. The changes incorporated in the amended act are not detrimental to a defendant but, on the contrary, are quite advantageous in that (1) a procedure is provided whereby a trial thereunder can be conducted without advising the jury of the prior conviction, and (2) the trial judge is not required to assess an increased punishment because of a finding that a defendant has been priorly convicted. The last-mentioned advantage is clearly illustrated by the actual result of the trial under review. If defendant had been tried under the provisions of the original act the jury, upon a finding of the prior felony conviction, etc., would have been required to assess the punishment at life imprisonment. As heretofore stated, the trial judge, acting under the procedure specified in the amended act, fixed the punishment at imprisonment for twenty years. For the reasons stated, we hold that the amended act was not unconstitutional as an ex post facto law, as applied to the defendant, and that the defendant was properly tried under the provisions thereof.

An examination of that part of the record relating to matters not required to be preserved in the motion for new trial discloses no error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.