914 

**STATE of Missouri, Respondent,**

v.

**Walter Lee MORTON, Appellant.**

No. 48762.

Supreme Court of Missouri,

Division No. 2.

Oct. 9, 1961. ·

———◇———

Walter Morton, appellant, pro se.

Thomas F. Eagleton, Atty. Gen., Edward A. Glenn, Sp. Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of Jackson County overruling appellant's motion filed pursuant to Supreme Court Rule 27.26, V.A.M.R.

Appellant was tried and found guilty of robbery in the first degree. The information charged and the evidence established two prior felony convictions. Pursuant to Section 556.280 RSMo 1959, V.A.M.S., as amended in 1959, the trial court determined and fixed the punishment after the jury returned its verdict of guilty. Appellant appealed from that judgment and it was affirmed by this court. State v. Morton, Mo.Sup., 338 S.W.2d 858. Appellant has now filed in the trial court, pro se, a motion pursuant to Supreme Court Rule 27.26 to vacate the sentence and judgment, and he has appealed from the judgment of the trial court overruling that motion.

The contents of the motion demonstrate a misunderstanding of the purpose and scope of Rule 27.26. The substance of the first and third contentions in appellant's motion under Rule 27.26 is as follows: the verdict-directing instruction did not require the jury to find that the property which was taken "did belong to the person," and in that way the "court got across to the jury its view of the evidence as it should be considered, and constituted a comment upon the evidence;" and the trial court "erred by holding as a matter of law that the property allegedly taken constituted 'robbery' for the reason that the state's evidence shows conclusively that 'no-force' was employed by [appellant] preceding the taking." We note from the reported opinion in the previous appeal that these matters were not presented to the trial court in a motion for new trial, and of course were not considered on the appeal.

■ These contentions obviously relate only to alleged trial errors. If appellant desired a review of the sufficiency or correctness of an instruction given at the trial,

or a review of the sufficiency of the evidence to sustain a finding of robbery in the first degree, he should have made proper complaint in his motion for new trial. In that event we would have ruled his contentions when the case was here on appeal from the original judgment of conviction. Rule 27.26 does not afford a basis for review of trial errors such as appellant has set forth nor does it subject the judgment of conviction and sentence to a collateral attack for such errors. State v. Childers, Mo.Sup., 328 S.W.2d 43; State v. Rutledge, Mo.Sup., 317 S.W.2d 365. We might add that an examination of the transcript in the previous appeal discloses that the instruction required the jury to find that appellant made a felonious assault upon one Dave Zusman with a deadly and dangerous weapon, a pistol, and that appellant took and carried away property from his person or in his presence with the intent to deprive the "said Dave Zusman of his ownership" without his consent. The statement by this court of the evidence adduced at the trial clearly demonstrates that the contention now made as to the sufficiency of the evidence is without merit. Therefore, the contentions of appellant would be unavailing even if they could now be presented for review by use of a motion made pursuant to Rule 27.26.

Prior to the 1959 amendment to Section 556.280 (Laws of Missouri 1959, S.B. No. 117) evidence of prior convictions, imprisonment and discharge of a defendant charged under the habitual criminal act was presented to the jury as a part of the State's case, and the jury was instructed, upon a finding of these facts together with a finding of guilt as to the offense charged, to fix the punishment at the longest term of imprisonment prescribed therefor. The amendment of 1959 directed that a different procedure be followed, and that the presentation of the evidence of prior convictions be made to the trial judge out of the hearing of the jury and that upon a finding by the trial judge of a prior conviction, he and not the jury should fix the punishment.

This procedure was followed in this case. The second and the only remaining contention of appellant in his motion under Rule 27.26 is that the charge of robbery, of which he was subsequently found guilty, was a "pending matter" at the time of the passage of Senate Bill No. 117, and for this reason the provisions of Section 556.280 as amended were not applicable, and that by failing to require the jury to fix the punishment the trial court failed to instruct the jury in writing on all questions of law arising in the case, and that this resulted in the court taking the case away from the jury.

This contention goes beyond a mere claim that an instruction was deficient. It purports to assert that the basic right of appellant to have the issue of his punishment submitted to the jury for determination was denied him. As previously noted, the 1959 amendment of Section 556.280 authorized the trial judge to determine the punishment in the situations there specifically set out, and the applicability of those provisions to the circumstances of appellant's trial was expressly, and we might add correctly, ruled in the previous appeal from the judgment of conviction of the offense charged. See State v. Morton, supra, 338 S.W.2d at pages 861–863. That was the principal issue on that appeal. See also State v. Adamson, Mo.Sup., 346 S.W.2d 85; and State v. Griffin, Mo.Sup., 339 S.W.2d 803. In view of the fact that this issue has previously been adjudicated adversely to appellant "he is thereby precluded from litigating the questions further by means of a motion to vacate and set aside under Rule 27.26 filed in the trial court." State v. Thompson, Mo.Sup., 324 S.W.2d 133, 139.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.