**STATE of Missouri, Respondent,**

v.

**Wardell DAUGHERTY, Appellant.**

**No. 56365.**

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

Anthony F. Vaiana, St. Louis, for appellant.

HOUSER, Commissioner.

Wardell Daugherty, convicted of burglary second degree by a jury which could not agree upon the punishment, was sentenced by the court to 5 years' imprisonment.

On this appeal[1] questions are raised relating to the manner in which the jury was impanelled and the propriety of an instruction.

### I. The voir dire question.

During voir dire examination of the jury panel it developed that one member had been the victim of a burglary. Although the venireman at first stated that he could not be sure that he could put his personal experience out of his mind for this trial he subsequently indicated, after further questioning and explanation of his duties as a juror, that he would hear the case on the basis of the law and the evidence, and stated that he would be sure to judge the defendant on the evidence and the court's instructions; that the fact that he had been burglarized would not affect his thinking in following the evidence and rendering a fair and impartial verdict; that he would not be influenced by his experience, and would "keep that out of the case." Following questioning by court and counsel the venireman was challenged for cause by appellant's attorney. The court overruled the challenge and permitted him

1. Notice of appeal filed before January 1, 1972.

**238**

to remain on the panel. This venireman did not sit on the jury that tried the case; he was removed from the panel by peremptory challenge. The record does not show whether the peremptory challenge was exercised by the State or defendant.

The trial judge not only observed but also questioned the venireman and in the exercise of judicial discretion evaluated and interpreted his answers in favor of qualification. The court's ruling is not clearly and manifestly against the record. The record supports the ruling. We do not find any abuse of discretion in refusing to sustain the challenge for cause. State v. Harris, Mo.Sup., 425 S.W.2d 148 [7, 8].

■ In any event there is no error, under the circumstances, for the reason that the record does not disclose whether the venireman's name was stricken from the jury list by appellant or by the State. His name may have been stricken by the State. State v. Battles, 357 Mo. 1223, 212 S.W.2d 753 [5]. "The juror was struck off, it does not appear by whom, and did not sit on the trial. Under these circumstances no error appears." State v. Tippett, 317 Mo. 319, 296 S.W. 132, 135 [9]. And see State v. Kirkpatrick, Mo.Sup., 428 S.W.2d 513, 517 [4].

II. The instruction question.

■ Appellant complains of the giving of Instruction No. 6 which, after directing the jury to retire and decide upon the guilt or innocence of the defendant, and if found guilty to assess the punishment, further stated that if after due deliberation the jury were able to agree upon the guilt of the defendant but were unable to agree upon the punishment they might return a verdict so showing, "and, in that event, the Court may assess the punishment." Appellant claims that the giving of Instruction No. 6 violated his right to a trial by an impartial jury to which he is entitled under Art. I, § 18(a), Constitution

of Missouri, 1945, V.A.M.S., and the Sixth Amendment to the Constitution of the United States, § 546.410, RSMo 1969, V.A.M.S., and deprives him of the equal protection of the laws provision of the Fourteenth Amendment of the Constitution of the United States. The argument is that Instruction No. 6 encouraged the jurors to avoid the burden of deciding the question of punishment; that the jurors seized the opportunity to avoid that burden and, acceding to those more experienced in the administration of criminal justice, left the assessment of punishment to the court, to the prejudice of appellant. This argument has been made and rejected on several occasions and this instruction has been approved repeatedly, beginning with State v. Brown, Mo.Sup. en Banc, 443 S.W.2d 805. State v. Gates, Mo.Sup., 471 S.W.2d 272; State v. Mills, Mo.Sup., 465 S.W.2d 554; State v. Thompson, Mo.Sup., 465 S.W.2d 590; State v. Ransburg, Mo.Sup., 466 S.W.2d 691; State v. Lincoln, Mo.Sup., 482 S.W.2d 424 (decided July 17, 1972). There is no merit in the contention that appellant was deprived of his constitutional right to a jury trial of the issue of punishment. "We have uniformly held that the right of trial by jury as guaranteed by the constitution is the same as the right that existed at common law and that at common law the jury determined the guilt or innocence of the accused and the court fixed the punishment. State v. Hamey, 168 Mo. 167, 67 S.W. 620, 57 L.R.A. 846; State v. Perrigin, 258 Mo. 233, 167 S.W. 573; State v. Johnson, Mo.Sup., 234 S.W. 794. See also 31 Am.Jur., Jury, Section 35, p. 40." State v. Morton, Mo.Sup., 338 S.W.2d 858, 861 [3]. In that case the Court upheld the constitutionality of the Second Offender Act, as amended, as against the contention that in permitting the trial judge (instead of the jury) to fix the punishment, upon a finding of prior conviction, the statute denied appellant due process of law and denied him the right to a trial by jury. The Court quoted with approval from State v. Hamey, supra, as follows: "[T]he laws of Missouri have always rec-

ognized that it is constitutional to authorize either court or jury to assess the punishment in a felony case. * * * As the right and duty devolved upon the court at common law to assess the punishment, it is plain this statute does not violate the common-law jury trial, in leaving the punishment to the court." The same considerations apply to the giving of Instruction No. 6.

The problem and its proper solution is well stated in Payne v. Nash, 8 Cir., 327 F.2d 197, 200 (1964):

"What substantial disadvantage could have inured to appellant from the procedural change of which he complains? None can be perceived. Appellant's right to trial by jury under the Missouri Constitution * * * is the same as the right that existed at common law. At common law the jury assessed the guilt or innocence of the accused; the court fixed the punishment. * * * Though it is permissible for juries to assess punishment in Missouri * * * such was only a conditional privilege. It has long been the law of that State that no one could gain reversal of a judgment simply because a jury did not assess the punishment. * * * Under the federal law the court, and not the jury fixes the punishment. * * * Thus, there is nothing in the Due Process clause of the Fourteenth Amendment of the United States Constitution, nor in the Constitution and laws of the State of Missouri, which gave appellant the right to have his punishment assessed by the jury."

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.