Charles M. DONALDSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9295.

Missouri Court of Appeals,
Springfield District.

April 3, 1973.

Roger K. Fisher, Joplin, for movant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is an appeal from the order of the Jasper County Circuit Court overruling appellant's second motion under Rule 27.26, V.A.M.R., seeking to vacate a 99-year sentence for rape entered in 1947 on a plea of guilty. We affirm.

Appellant's first motion to vacate judgment and sentence alleged an involuntary plea because of promises by his lawyer that the sentence would be 15 years, mental incompetency at the time of the plea, and the failure of the trial court to comply with Rule 25.04 before accepting the plea. Following an evidentiary hearing the trial court denied appellant relief and this order was affirmed by the Missouri Supreme Court on March 13, 1972. Donaldson v. State, 477 S.W.2d 84 (Mo.1972).

On April 25, 1972, appellant filed his present motion, pro se, to vacate the 1947 judgment and sentence. As grounds, he alleged the trial court was without jurisdiction to impose the sentence because the forcible rape statute (§ 559.260, RSMo 1969, V.A.M.S.) requires a jury to assess the punishment on a plea of guilty to the charges; further, that he had ineffective assistance of counsel and that he was unconstitutionally sentenced twice.

Rule 27.26(d) provides: "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application *or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule.*

The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." (Emphasis ours.)

As was stated in Newman v. State, 481 S.W.2d 3, 5 (Mo.1972). "The purpose of this Rule is to prevent successive motions on grounds known at the time of filing a first motion although such grounds were not raised in the first motion. It is intended to apply whether or not the first motion was decided adversely to the petitioner, withdrawn or dismissed, because Rule 27.-26(c) says: 'The motion shall include every ground known to the prisoner.' See Caffey v. State, Mo.Sup., 467 S.W.2d 857, 859."

In an effort to avoid the limiting language of Rule 27.26(c), (d), appellant alleged in the present motion that he was not aware of the present grounds when he filed his first motion to vacate and that it was as a result of the benefit of conferences with law students, and research by the latter, that he became aware of his latest allegations. He states that whether or not the trial court conducts a hearing is "irrelevant" but "desires a finding of facts and conclusions of law on these allegations."

As above noted, Rule 27.26 permits a second application for relief but subparagraph (d) casts a burden on appellant to establish that any new ground could not have been raised in his prior motion. Warren v. State, 473 S.W.2d 427 (Mo.1971); Newman v. State, supra; Veneri v. State, 474 S.W.2d 833 (Mo.1971). Rule 27.26(i) requires the trial court to make findings of fact and conclusions of law on all issues presented and where a second motion is

filed the trial court should make findings as to whether or not the grounds presented in a second motion had previously been presented and whether the exception provided in subparagraph (d) applies. An evidentiary hearing on this preliminary question is not required and the trial court can rule this point on the pleadings and the records of the court, or it may, in the court's discretion, order an evidentiary hearing. Veneri v. State, supra, at 841.

In ruling appellant's present motion the trial court determined that an evidentiary hearing was not required because all of the matters alleged in the second motion had been previously ruled adversely to the appellant in his initial motion and overruled the instant motion. In compliance with Rule 27.26(i), the court prepared and filed a memorandum opinion containing the following findings and conclusions: ". . . Par. 8(a) with the reasons set out in par. 9(a) of defendant's motion is ruled against movant for the reasons that § 546.440 and Sup.Ct.Rule 27.03, provide for sentence by the court in the event the jury cannot agree upon punishment and there is no Statute or rule providing for a jury in the event of a plea of guilty by a defendant.

"Par. 8(b) with reasons set out in par. 9(b) are ruled against movant for the reason that the movant raised the question of ineffective assistance of counsel in his previous motion and said motion was denied and the ruling affirmed upon appeal.

"Par. 8(c) with reasons set out in par. 9(c) are ruled against movant for the following reasons:

a.  Same was not raised in previous motion.

b.  The Court specifically finds the facts to be as follows:

"Up until the final moment of assessing punishment the court fully intended to assess the death penalty but was unable to

bring himself to do so. The Court announced the penalty of 99 years whereupon there was some question by the attorneys involved as to whether or not such penalty could be assessed and the court entered the life sentence. The court then obtained the statute and determined that 99 years could be assessed, recalled the defendant and assessed the punishment first announced. This punishment is within the statutory penalty and was justified by the facts stated to the court.

"Any other matter not specifically ruled is hereby ruled against defendant (sic)."

■  We are of the opinion that the trial court properly overruled appellant's second motion to vacate his sentence. The present grounds asserted for relief were either alleged in the first Rule 27.26 proceedings, developed in the evidentiary hearing in support of an alleged ground, or, could have been raised in the earlier motion. Although the transcript of the earlier proceeding is not before us we have the benefit of the opinion in Donaldson v. State, supra, and appellant's "statement of facts" [citing the evidentiary hearing transcript] in his pro se brief filed herein.[1] Appellant testified at length at the evidentiary hearing concerning alleged derelictions of his former attorney (deceased). His testimony also covered the events at which time he received the 99-year sentence, rather than a life sentence.

■  Appellants now-asserted ground that the trial judge could not lawfully assess his punishment is without merit. § 546.440, RSMo 1969, V.A.M.S., provides ". . . [A]nd in all cases of judgment by confession, the court shall assess and declare the punishment, and render judgment accordingly." Rule 27.03 states ". . . [A]nd in all cases of judgment by confession, or upon plea of guilty . . . the court shall assess and declare the punishment . . ." Appellant con-

---

1.  Appellant has prepared and filed his own brief in this court in addition to a brief in his behalf by an attorney appointed to represent him in this appeal.

tends that § 559.260 [2] which provides that the penalty for a conviction of forcible rape is solely within the discretion of the jury and prevents the assessment of punishment by a judge upon a plea of guilty. Such argument overlooks the specific provisions of § 546.440 and Rule 27.03 and the decisions of the Missouri Supreme Court in Ex parte Dusenberry, 97 Mo. 504, 11 S.W. 217 (1889), and State v. Williams, 320 Mo. 296, 6 S.W.2d 915 (1928). The latter case squarely ruled the constitutional claim now made by appellant and in disposing of the identical contention the court said (6 S.W. 2d 919): "Defendant contends that the statutes are conflicting and repugnant and that by reason of the context section 3247 [now § 559.260] takes precedence over section 4048 [now § 546.440]. The contention is tantamount to this, that, in all cases embraced within section 3247, even though the defendant pleads guilty, the matter of punishment be submitted to and fixed by the jury in its discretion. It will be noted, however, that section 3247 uses the words 'convicted of rape.' In the sense in which it is used in section 3247, the word 'convicted' assumes that a trial was had to a jury, wherein they returned a verdict of guilty. The word 'convicted' is commonly used merely to signify the findings of the jury that the accused is guilty. This is the well-settled meaning of the term as ordinarily used in constitutional and statutory provisions. 13 C.J. 903–905. It is evident, therefore, that a well-defined distinction obtains between sections 3247 and 4048 in that regard and that no conflict exists. If tried to a jury, the jury fixes the punishment in their discretion, if defendant is convicted by the verdict. If defendant pleads guilty —that is, assents to a judgment by confession—it is the duty of the court to assess and declare the punishment.

"The defendant contends that the action of the court in refusing to permit the jury

to determine the punishment was a denial of due process of law, notwithstanding the accused failed to protest. In 12 Corpus Juris, p. 1202, regarding the term, it is said: 'Due process of law in a criminal case requires a law creating or defining the offense, a court of competent jurisdiction, accusation in due form, notice and opportunity to answer the charge, trial according to the settled course of judicial proceedings, and a right to be discharged unless found guilty.'

"All of these things were present, except the trial by jury, and his plea of guilty dispensed with the necessity of a jury trial . . . Defendant's main contention in this regard is that section 3247 . . . permits the jury only to fix the punishment; but, as we have disposed of that contention . . . we will not here amplify the discussion. Ex parte Dusenberry, 97 Mo. 504, 11 S.W. 217."

In upholding the assessment of punishment of a defendant convicted under the Second Offender's Act (§ 556.280) by the trial judge rather than the jury, the Eighth United States Circuit Court of Appeals made the following observations in Payne v. Nash, 327 F.2d 197 (8th Cir. 1964) at page 200: ". . . At common law the jury assessed the guilt or innocence of the accused; the court fixed the punishment [authorities]. Though it is permissible for juries to assess punishment in Missouri (Ex parte Dusenberry, 97 Mo. 504, 1889, 11 S. W. 217), such was only a conditional privilege. It has long been the law of that State that no one could gain a reversal of a judgment simply because a jury did not assess the punishment. See Section 546.440, RSMo 1959. Under the federal law the court, and not the jury fixes the punishment. Rule 32, F.R.Cr.P.; Williams v. People of State of New York, supra [337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337].

---

**2.** § 559.260: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of sixteen years, or by forcibly ravishing any woman of the age of sixteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury."

Thus, there is nothing in the Due Process clause of the Fourteenth Amendment of the United States Constitution, nor in the Constitution and laws of the State of Missouri, which gave appellant the right to have his punishment assessed by the jury."

The Supreme Court in State v. Daugherty, 484 S.W.2d 236 (Mo.1972), had occasion to discuss the matter of assessment of punishment by the trial court where the jury had been instructed that if they agreed on defendant's guilt but were unable to agree upon punishment and returned a verdict accordingly that the court would assess the punishment. In rejecting defendant's arguments that the giving of such an instruction violated his constitutional right to a jury trial on the issue of punishment the court held (at page 238): "There is no merit in the contention that appellant was deprived of his constitutional right to a jury trial of the issue of punishment. 'We have uniformly held that the right of trial by jury as guaranteed by the constitution is the same as the right that existed at common law and that at common law the jury determined the guilt or innocence of the accused and the court fixed the punishment. State v. Hamey, 168 Mo. 167, 67 S.W. 620, 57 L.R.A. 846; State v. Perrigin, 258 Mo. 233, 167 S.W. 573; State v. Johnson, Mo.Sup., 234 S.W. 794. See also 31 Am.Jur., Jury, Section 35, p. 40." The court cited with approval the statements in Payne v. Nash, supra.[3]

In the brief filed herein by appellant's appointed attorney this point is urged at the specific direction of appellant to the attorney, but counsel with due candor states that he has been unable to find any cases supporting this argument and refers the court to appellant's pro se brief. We have examined the authorities cited by appellant in this latter brief and find no support for this contention and rule it is without merit.

The order denying appellant's second motion under Rule 27.26 is affirmed.

TITUS, C. J., and STONE and HOGAN, JJ., concur.

---

3. In James v. Twomey, 466 F.2d 718 (7th Cir. 1972), an Illinois defendant alleged his constitutional rights had been violated where a guilty verdict was returned by a jury and punishment was assessed by the Judge. In denying Habeas Corpus relief the court said (l. c. 721): "There has been no deprivation of a Federally protected right, insofar as petitioner had no Federally guaranteed right to a jury determination of his sentence." And in Virginia ex rel. Shifflett v. Cook, 333 F.Supp. 718 (W.D.Va. 1971), the court held it could find nothing in the Due Process Clause of the Fourteenth Amendment of the United States Constitution which guarantees the right of an accused to have his punishment assessed by a jury.